ROBERTO UMANA
MARGARITA CARDENAS
NOHELY SANDOVAL
3221 National City Blvd, Spc 8
National City CA, 91950
Tel.: (619) 343-9309
robertoumana37@yahoo.com
*PRO SE* PLAINTIFFS

**FILED**
Oct 25 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ cynthial   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOHELY SANDOVAL, on behalf of B.U. who sues individually and as successor in interest to Brian Umana; ROBERTO UMANA; MARGARITA CARDENAS;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NATIONAL CITY; NATIONAL CITY POLICE DEPARTMENT; and DOES 1–20,<br><br>Defendants. | Case No.: **'22CV1657 GPC AGS**<br><br>**COMPLAINT FOR MONETARY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

// 

//

1. Plaintiffs sue to recover damages arising from the wrongful death of their father, brother, son, and partner: Brian Umana ("Brian").

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as Plaintiffs assert causes of action arising under 42 U.S.C. § 1983, in addition to California causes of action that arise from the same controversy giving rise to Plaintiffs' 1983 claims.

3. The Court has personal jurisdiction over all Defendants in this action, as all Defendants are situated or domiciled in the State of California.

4. Venue is proper in this district under 28 U.S.C. § 1391 because Plaintiffs and Defendants are, and at all relevant times have been, subject to the personal jurisdiction of this Court, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## III. PARTIES

5. B.U. is a minor domiciled in California. B.U. was Brian's daughter. In addition to suing individually, B.U. sues as the successor in interest to Brian's estate. See Cal. Code Civ. P. § 377.32.

6. Roberto Umana is an individual domiciled in California. Roberto is Brian's brother.

7. Margarita Cardenas is an individual domiciled in California. Margarita is Brian's mother.

8. Nohely Sandoval is guardian ad litem on behalf of B.U.

9. The City of National City ("City") is a municipal entity duly organized under California law. The National City Police Department is the City's chief law enforcement for the City of National City.

10. Michael Sportelli and Evan Davis are individuals who were, at all times relevant to this complaint, police officers of the National City Police Department ("NCPD") and who, on information and belief, are domiciled in California.

- 2 -
COMPLAINT FOR MONETARY RELIEF

11. Each individually named defendant acted under color of law and within the scope of his or her agency and employment.

## CALIFORNIA CLAIMS FILING REQUIREMENTS

12. With regard to Plaintiffs' state-law causes of action, Plaintiffs have complied with California's government tort claims requirements as set forth in California Government Code §§ 900 et seq.

## FACTUAL BACKGROUND

13. On or about October 8, 2021, at about 4:20 a.m., Brian Umana was walking near his home in National City, California. Brian had a documented history of severe mental illness.

14. Officers Michael Sportelli and Evan Davis of the National City Police Department ("NCPD") arrived at the scene of the incident.

15. Brian was pacing aimlessly up and down an empty street. Brian was barefoot and had a machete in hand.

16. Instead of fully assessing and deescalating the situation, Officers Sportelli and Davis brought out a threatening police dog and pointed their guns at Brian.

17. Impatient with Brian's aimless pacing and abnormal behavior, Officers Sportelli and Davis ran towards Brian and sicced their police dog at him.

18. When Brian tried to defend himself from the dog, Officers Sportelli and Davis filed multiple shots at Brian. Brian died immediately.

## V. STATEMENT OF CLAIMS
## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Excessive Force
**(By Brian's Successor in Interest against Defendants City and Officers Sportelli and Davis, collectively, "Defendants")**

19. Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

20. Nohely Sandoval, on behalf of B.U., asserts this claim as Brian's successor in interest against all named and currently unknown defendants acting in their individual capacities.

21. Defendants violated the Fourth Amendment when, on October 8, 2021, they unnecessarily escalated a situation, and then used unreasonable and excessive force on Brian, namely, physically attacking Brian by use of a police dog, or otherwise causing Brian to be physically attacked by a police dog, and shooting Brian to death.

22. As a direct and foreseeable result of Defendants' unreasonable and excessive uses of force, Brian died. Brian therefore suffered special and general damages, including those arising from Brian's pre-death pain and suffering, along with further damages according to proof at the time of trial.

23. In using the force described above, Defendants recklessly disregarded Brian's constitutional rights. As such, Defendants actions justify an award of punitive damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Monell

**(By Brian's Successor in Interest Against Defendants)**

24. Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

25. Nohely Sandoval asserts this cause of action on behalf of B.U., who is Brian's successor in interest.

26. The City is liable for the deprivation of Brian's constitutional rights under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and its progeny, which hold that municipal entities may be held liable for violations of Constitutional rights committed by its employees if the violations arose from:

    a. widespread practice that, although not authorized by written law

or express municipal policy, is "so permanent and well settled as to constitute a custom or usage" with the force of law;

    b.    the ratification of the illegal and unconstitutional conduct by an individual with final policy-making authority; and/or

    c.    a failure to adequately train municipal employees resulting in the deliberate indifference to the constitutional rights of citizens.

27. Defendants are liable under Monell, in that Brian's death was not only a result of an unconstitutional practice or custom (namely, a practice or custom of using excessive and unreasonable force on individuals in the midst of a mental health crisis), it was also the result of a failure to train law enforcement officers. Indeed, the uniformity in which Officers Sportelli and Davis acted in reckless disregard of Brian's rights demonstrates the existence of such a practice or custom, and lack of adequate training.

28. Brian therefore suffered special and general damages, including those arising from Brian's pre-death pain and suffering, along with further damages according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### Battery

### (By Brian's Successor in Interest Against Defendants)

29. Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

30. Nohely Sandoval, asserts this cause of action on behalf of B.U. as Brian's successor in interest.

31. On October 8, 2021, Defendants used unreasonable and excessive force on Brian. Because Defendants' use of force on Brian was without legal justification, it was tortious.

32. Brian did not, at any time, consent to Defendants using any kind of force on him.

33. As a direct and foreseeable result of Defendants' use of force, Brian died. Brian therefore suffered special damages, along with further damages according to proof at the time of trial.

34. Defendants' conduct was a substantial factor in causing Brian's injuries.

35. Because Officers Sportelli and Davis acted in the scope of their employment, the City is vicariously liable for the harm proximately caused by their conduct pursuant to California Government Code § 815.2.

## FOURTH CAUSE OF ACTION

### Cal. Civ. Code § 52.1 – Bane Act

### (By Brian's Successor in Interest Against Defendants)

36. Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

37. Nohely Sandoval asserts this cause of action on behalf of B.U. as Brian's successor in interest.

38. Defendants interfered, or attempted to interfere, with Brian's rights under the U.S. and California Constitutions to be free from unreasonable seizures and uses of force.

39. Brian reasonably believed that, if he exercised his rights, Defendants would commit violence against him. Indeed, Defendants did commit violence against Brian when Brian responded in fear, alarm and/or agitation in response to Defendants' use of physical force by or through their use of a police dog. Defendants again escalated in response to Brian's response by shooting Brian to death.

40. As a direct and foreseeable result of Defendants' actions, Brian died. Brian therefore suffered special damages, along with further damages according to proof at the time of trial.

41. Because Officers Sportelli and Davis acted in the scope of their employment, the City is vicariously liable for the harm proximately caused by their conduct pursuant to California Government Code § 815.2.

# FIFTH CAUSE OF ACTION

## 42 U.S.C. § 12132 – Americans with Disabilities Act

### (By Brian's Successor in Interest Against Defendants)

42. All preceding paragraphs are incorporated by this reference.

43. Nohely Sandoval asserts this cause of action on behalf of B.U. as Brian's successor in interest.

44. On October 8, 2021, Brian had a disability as defined in 42 U.S.C. § 12102. At a minimum, Officers Sportelli and Davis perceived Brian as suffering from such a disability.

45. When Officers Sportelli and Davis arrived, no one was in danger. *See Schreiner v. City of Gresham*, 681 F. Supp. 2d 1270, 1279 (D. Oregon 2010) ("[o]nce the area was secure and there was no threat to human safety, the [defendants] would have been under a duty to reasonably accommodate [plaintiffs] disability in handling and transporting him to a mental health facility") (quoting *Hainze v. Richards*, 207 F.3d 795, 802 (5th Cir. 2000)). Brian was clearly in mental distress and anguish and made no threatening move or gesture or word towards Officers Sportelli and Davis. Officers Sportelli and Davis needed only to approach Brian from a safe distance, interact with Brian respectfully (by, for example, explaining their presence or expressing their concerns), disarm and/or restrain Brian, then drive Brian to the hospital for psychiatric treatment. Instead, Officers Sportelli and Davis immediately attacked Brian, or caused Brian to be attacked, by and through their use of a police dog. Officers Sportelli and Davis turned a non-violent interaction into a deadly situation. When Brian responded to Officers Sportelli and Davis's physical attack with alarm, Officers Sportelli and Davis shot Brian to death.

46. Officers Sportelli and Davis acted aggressively toward Brian because of Brian's actual or perceived disability. That is, Defendants discriminated against Brian because of Brian's actual or perceived disability. This unnecessary escalation of an already delicate situation ultimately led to the Defendants' use of repeated and

increasing levels of force ultimately caused Brian's death. Title II of the ADA provides that Defendants had a duty to make reasonable accommodations in dealing with Brian, including, for example, being civil and respectful upon first contact. See 42 U.S.C. § 12182(b)(2)(A). Defendants failed to comply with this duty.

47. As a direct and foreseeable result of Defendants' actions, Brian died. Brian therefore suffered special damages, along with further damages according to proof at the time of trial.

48. Because Officers Sportelli and Davis acted in the scope of their employment, the City is vicariously liable for the harm proximately caused by their conduct pursuant to California Government Code § 815.2.

## SIXTH CAUSE OF ACTION

### Cal. Civ. Code §§ 51, 51.7 – Unruh Civil Rights Act

### (By Brian's Successor in Interest Against Defendants)

49. All preceding paragraphs are incorporated by this reference.

50. Nohely Sandoval asserts this cause of action on behalf of B.U. as Brian's successor in interest.

51. To the extent Brian's rights under the ADA were violated, Brian's rights under the Unruh Civil Rights Act were also violated. See Cal. Civ. Code § 51(f).

52. On October 8, 2021, Brian suffered from a mental disability as defined by California Civil Code § 51(d)(1) and California Government Code § 12926(j). At a minimum, Officers Sportelli and Davis perceived Brian as suffering from such a mental disability.

53. Defendants acted aggressively toward Brian because of his actual or perceived mental disability. This unnecessary escalation of an already delicate situation ultimately led to Defendants' use of repeated and increasing levels of aggression and force which ultimately caused Brian's death.

54. As a direct and foreseeable result of these defendants' actions, Brian died. Brian therefore suffered special damages, along with further damages according

to proof at the time of trial.

55. Defendants' conduct was a substantial factor in causing Brian's death.

56. Because Officers Sportelli and Davis acted in the scope of their employment, the City is vicariously liable for the harm proximately caused by Officers Sportelli and Davis' conduct pursuant to California Government Code § 815.2.

## SEVENTH CAUSE OF ACTION

### Negligence

### (By Brian's Successor in Interest Against Defendants)

57. All preceding paragraphs, except those falling under the First through Seventh Causes of Action, are incorporated by this reference.

58. Nohely Sandoval asserts this cause of action on behalf of B.U. as Brian's successor in interest.

59. The Defendants who interacted with Brian on October 8, 2021, owed Brian a duty of ordinary care and skill.

60. Defendants breached this duty when they unnecessarily escalated a situation resulting in the use of force that led to Brian's death.

61. As a direct and foreseeable result of these breaches of duty, Brian died. Brian therefore suffered special damages, along with further damages according to proof at the time of trial. Defendants' negligence was a substantial factor in causing Brian's death.

62. Because Officers Sportelli and Davis acted in the scope of their employment, the City is vicariously liable for the harm proximately caused by the Defendants' conduct pursuant to California Government Code § 815.2.

## EIGHTH CAUSE OF ACTION

### Negligent Hiring, Retention, Supervision

### (By Brian's Successor in Interest Against Sheriff Gore)

63. All preceding paragraphs are incorporated by this reference.

- 9 -
COMPLAINT FOR MONETARY RELIEF

64. Nohely Sandoval asserts this cause of action on behalf of B.U. as Brian's successor in interest.

65. City had a duty to ensure NCPD officers that are hired, retained, and supervised were fit to perform their respective duties.

66. Officers Sportelli and Davis were each unfit and/or incompetent to perform their respective duties as law enforcement officers.

67. City subordinates were unfit and/or incompetent in a way that created a particular risk to the public, in that they:

    a. used excessive force against Brian, including the gratuitous use of a police dog and weapons including guns;

    b. discriminated against, and failed to accommodate Brian's disability, because of their perceptions of Brian's disability and mental health; and

    c. causing the death of Brian.

68. City should have known, prior to this incident, that City's officers, and agents, Officers Sportelli and Davis were unfit and/or incompetent as described herein.

69. The unfitness and/or incompetence of Officers Sportelli and Davis, as described herein, caused Brian's death.

70. As a direct and foreseeable result of City's failure to, with due care, hire, retain, and/or supervise officers appropriately, Brian died. Brian therefore suffered special damages, along with further damages according to proof at the time of trial.

71. Because Officers Sportelli and Davis acted in the scope of employment, the City is vicariously liable for the harm proximately caused by Officers Sportelli and Davis' negligent conduct pursuant to California Government Code § 815.2.

### NINTH CAUSE OF ACTION

### Wrongful Death

### (By All Plaintiffs Against All Defendants)

72. All preceding paragraphs are incorporated by this reference.

73. Under California Code of Civil Procedure § 377.60, each Plaintiff is an individual authorized to bring a cause of action grounded in Brian's wrongful death. B.U. was Brian's minor child. Roberto Umana was Brian's brother. Margarita Cardenas was Brian's mother.

74. As set forth in the First through Ninth Causes of Action, Brian died as a result of Defendants' tortious conduct.

75. As a direct and foreseeable result of Brian's death, Plaintiffs have suffered economic and non-economic damages. Plaintiffs have lost the benefit of the financial support that Brian would have provided to them during the remainder of his life, or the remainder of each of Plaintiffs' lives, whichever is shorter. Plaintiffs have lost any gifts or other benefits they expected from Brian. Plaintiffs have incurred funeral and burial costs. Plaintiffs have lost the reasonable value of household services that Brian would have provided.

76. Plaintiffs have lost Brian's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. B.U. has further lost Brian's training and guidance.

## TENTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Substantive Due Process

### (By All PlaintiffsAgainst All Defendants)

77. All preceding paragraphs are incorporated by this reference.

78. As set forth herein, Brian died as a result of Defendants' deliberate indifference and conscious shocking conduct.

79. As a result of Brian's death, Plaintiffs were deprived of their Fourteenth Amendment right to familial companionship and society. *See, e.g., Smith v. City of Fontana*, 818 F.2d 1411, 1419-20 (9th Cir. 1987).

80. As a direct and foreseeable result of this denial of substantive due process, Plaintiffs have suffered economic and non-economic damages. Plaintiffs have lost the benefit of the financial support that Brian would have provided to them during the remainder of his life, or the remainder of each of Plaintiffs' lives, whichever is shorter. Plaintiffs have lost any gifts or other benefits they expected from Brian. Plaintiffs have incurred funeral and burial costs. Plaintiffs have lost the reasonable value of household services that Brian would have provided.

81. Plaintiffs have lost Brian's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. B.U. has further lost Brian's training and guidance.

## PRAYER FOR RELIEF

WHEREFORE, the foregoing allegations considered, Plaintiffs demand:

(1) that judgment be rendered in favor of Plaintiffs and against Defendants on all causes of action asserted herein;

(2) compensatory damages (including economic and noneconomic damages) as permitted by federal and state law, in amounts to be determined at trial;

(3) punitive damages, against the individual defendants only, as permitted by federal law, and in an amount sufficient to deter and make examples out of these individuals, to be determined at trial;

(4) reasonable attorney fees, expenses, and costs of suit pursuant to 42 U.S.C. §§ 1983-1988, California Civil Code §§ 52.1 et seq., and any other relevant statutory or case law; and

(5) any and all other relief in law or equity to which Plaintiff may be entitled and which this Court deems just and proper.

//

//

## DEMAND FOR JURY TRIAL

Plaintiffs demand, under the Seventh Amendment, a trial by jury as to each and every cause of action asserted herein.

DATED: October 25, 2022

Plaintiffs

ROBERT UMANA
MARGARITA CARDENAS
NOHELY SANDOVAL *Pro Se*

*/s/ Robert Umana*
*/s/ Margarita Cardenas*
*/s/ Nohely Sandoval*