UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BRIAN UMANA, by and through its successor-in-interest; B.U., a minor by and through her guardian ad litem, Roberto Umana, individually and as successor in interest to Brian Umana; MARGARITA CARDENAS, individually,<br><br>                    Plaintiffs,<br><br>v.<br><br>NATIONAL CITY, a municipal corporation, NATIONAL CITY POLICE DEPARTMENT, RYAN STINNETT; EVAN DAVIS; MICHAEL SPORTELLI; and DOES 1 through 20,<br><br>                    Defendants. | Case No.:  3:22-cv-01657-GPC-SBC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO TRANSFER THE MINOR'S FUNDS**<br><br>[Doc. No. 98] |

  Before the Court is Petitioner Robert Umana's Unopposed Motion to Transfer the Minor's Funds ("Motion"). ECF No. 98. Therein, Petitioner, as guardian ad litem to Minor Plaintiff B.U., seeks "an order to reallocate and transfer the minor's funds." *Id*. at 2. For the reasons discussed below, the Motion is **DENIED** without prejudice.

## I. DISCUSSION

On May 30, 2025, this Court approved the Petition to Confirm the Minor's Compromise and ordered that the Minor Plaintiff's settlement "be deposited in an interest-bearing, federally insured blocked account in the name of the Minor Plaintiff." ECF No. 95 at 4. No withdrawal of principal or interest from the blocked account is permitted without a written court order until the Minor Plaintiff reaches 18 years of age. *Id.* On June 13, 2025, Plaintiff placed the funds into a blocked account. ECF No. 98 at 3.

Plaintiff now seeks to withdraw and transfer the Minor Plaintiff's funds after learning that the deposited funds are neither fully insured nor bearing any meaningful interest. *Id*. Plaintiff first indicates that he intends to transfer the funds into a "federally insured, interest-bearing, financial account," as previously ordered by the Court. *Id.* at 2. However, Plaintiff next suggests that the funds will be reallocated or transferred to a "trust," with no details concerning the proposed trust, including any proposed trustees and the rights and obligations of those trustees. *Id.* at 4. Plaintiff then concludes by requesting that the Court approve transfer of the funds into a "structured settlement or a trust that allows for staggered distributions." *Id.* at 5. Except a "structured settlement" and a "trust" are not the same thing and Plaintiff again offers no details regarding either, including the proposed "staggered distributions," when those distributions would occur, who will have access to those distributions, or even how those distributions will be spent. *Id.*; *see Hives v. Cty. of Alameda*, No. 15-cv-02490-DMR, 2023 U.S. Dist. LEXIS 123057, at *4 (N.D. Cal. July 17, 2023) (assessing proposed withdrawals to determine if expenditures related to minor's academic, health, or counseling needs or another compelling need). In short, Petitioner makes competing requests concerning the funds, with few, if any, details, and, in doing so, makes no commitment to depositing, allocating, or using the Minor Plaintiff's funds in any particular way.

This Court has a special duty to safeguard the interests of the Minor Plaintiff, which extends to the funds in the blocked account. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *Hives*, 2023 U.S. Dist. LEXIS 123057, at *7. Without a firm

understanding as to how the Minor Plaintiff's funds will be allocated following withdrawal from the present blocked account, the Court cannot grant the Motion.[1] *See Frary v. Cty. of Marin*, No. 12-cv-03928-MEJ, 2015 U.S. Dist. LEXIS 102026, at *4–5 (N.D. Cal. July 31, 2015) (denying request to withdraw funds because it did not relate to minor plaintiff's academic, health, or counseling needs, or some other compelling reason that benefitted minor, or provide an itemization of how funds would be spent); *S.V. v. Delano Union Elem. Sch. Dist.*, No. 1:17-cv-00780- LJO-JLT, 2020 U.S. Dist. LEXIS 138909, at *10 (E.D. Cal. Aug. 3, 2020) (denying request to withdraw funds for use in minor starting her own business where no information provided regarding the potential business). Accordingly, Petitioner must provide a detailed explanation as to how he proposes allocating and using the funds before this Court will approve the withdrawal and transfer of the Minor Plaintiff's settlement funds.

## II. CONCLUSION

For the reasons discussed above, the Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: August 26, 2025

Honorable Valerie E. Torres
United States Magistrate Judge

---

[1] The Court notes that under the California Rules of Court, a petition to withdraw funds deposited for a minor "must be verified and must include the identity of the depository, a showing of the amounts previously withdrawn, a statement of the balance on deposit at the time of the filing of the petition, and a justification for the withdrawal." Cal. R. Ct. 7.954(a).