# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BRIAN UMANA, by and through its successor-in-interest; B.U., a minor by and through her *guardian ad litem*, Roberto Umana, individually and as successor in interest to Brian Umana; MARGARITA CARDENAS, individually,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NATIONAL CITY, a municipal corporation, NATIONAL CITY POLICE DEPARTMENT, RYAN STINNETT; EVAN DAVIS; MICHAEL SPORTELLI; and DOES 1 through 20,<br><br>　　　　　　　　　Defendants. | Case No.: 3:22-cv-01657-GPC-SBC<br><br>**ORDER GRANTING PETITION FOR APPROVAL OF TERMS OF STRUCTURED ANNUITY FOR THE COMPROMISE OF MINOR PLAINTIFF'S CLAIMS**<br><br>[ECF No. 102] |

Before the Court is a Petition for Approval of Terms of Structured Annuity for the Compromise of Minor Plaintiff's Claims ("Petition") by Roberto Umana ("Petitioner"), as *guardian ad litem* for Plaintiff B.U. ("Minor Plaintiff"). ECF No. 102. Therein, Petitioner seeks Court approval to purchase a structured annuity using the Minor Plaintiff's settlement proceeds. For the reasons stated below, the Court **GRANTS** the Petition.

I.  **FACTUAL BACKGROUND**

   A.  **Court's Prior Approval of The Minor Plaintiff's Compromise**

On October 8, 2021, after responding to a 911 call, Defendants Stinnett, Sportelli, and Davis shot and killed Brian Umana ("Decedent"), father of the Minor Plaintiff and son of Plaintiff Margarita Cardenas. ECF No. 40 at 2, 6. The Minor Plaintiff filed suit, asserting federal causes of action under 42 U.S.C. § 1983 and state causes of action that included wrongful death and negligence. *See generally* ECF No. 40.

On December 11, 2024, with the assistance of Magistrate Judge Steve B. Chu, the parties agreed to settle Plaintiffs' claims for $1,000,000, with the parties bearing their own fees and costs. ECF No. 89 at 9, 13. The settlement proceeds were split evenly between the Minor Plaintiff and Plaintiff Cardenas, with each receiving $500,000. *Id*. at 9. Petitioner subsequently sought the Court's approval to settle Minor Plaintiff's claims by allocating $500,000 of the settlement proceeds to Minor Plaintiff, with a net recovery of $308,632. *Id*. at 18; Motion Hearing on May 30, 2025. On May 30, 2025, the Court granted Petitioner's Motion to approve the compromise of Minor Plaintiff's claims. ECF No. 95.

In authorizing Petitioner to settle the Minor Plaintiff's claims, the Court ordered that the net settlement payment of $308,632 be deposited into an interest-bearing, federally insured blocked account in the Minor Plaintiff's name. *Id.* at 6. The Court further ordered that no withdrawals of principal or interest from the blocked account occur without a written order of this Court, or any other court of competent jurisdiction, until the Minor Plaintiff reached 18 years of age. *Id.* At the age of eighteen, the depository, without further order of this Court or any other court of competition jurisdiction, was authorized and

1

directed to pay by check or draft directly to the former Minor Plaintiff all funds, including interest, deposited under this Court's order. *Id.*

On June 13, 2025, Petitioner placed the Minor Plaintiff's settlement proceeds into a blocked account. ECF No. 98 at 3.

### B. Proposed Structured Annuity

Petitioner now seeks the Court's approval to withdraw the proceeds from the blocked account and use them to fund and purchase a structured annuity, with distributions commencing on the Minor Plaintiff's eighteenth birthday in 2034. ECF Nos. 102 at 6, 102-1 at 7 (Ex. A). Specifically, the proposed annuity provides for the following payment structure:

- A $2,000.00 monthly payment, guaranteed for 5 years, beginning on her birthdate in 2034 (at age 18), with the last guaranteed payment in August 2039;
- A $3,500.00 monthly payment, guaranteed for 4 years and 1 month, beginning in 2039 (at age 23), with the last guaranteed payment in 2043 (at age 27);
- A $50,000.00 guaranteed lump sum payment in 2041 (at age 25); and
- A $379,463.12 guaranteed lump sum payment in 2046 (at age 30).

*See* ECF Nos. 102-1 at 7 (Ex. A), 102-2 at ¶ 14. The total guaranteed amount that the Minor Plaintiff will receive after the final payment in 2046 is approximately $702,963.12. ECF No. 102-1 at 7 (Ex. A). Metropolitan Tower Life Insurance Company, rated "A+ (Superior)" by A.M. Best, will issue the proposed annuity. ECF No. 102-1 at 9–12.

### II. **DISCUSSION**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Further, under California law, money may be removed from a blocked account "only upon authorization of the court, and . . . on conditions the court determines to be in the best interests of the minor . . . ." Cal. Prob. Code § 3611(b). Courts permit funds to be withdrawn from a blocked account for a minor's "academic,

health, and counseling needs or for other purposes if the petitioner could demonstrate a compelling need for the benefit of the minor." *See Hives v. Cty. of Alameda*, No. 15-cv-02490-DMR, 2023 U.S. Dist. LEXIS 123057, at *3 (N.D. Cal. July 17, 2023). Moreover, courts frequently approve structured settlements like the one proposed here. *See, e.g.*, *Gonzalez v. Chula Vista Elem. Sch. Dist.,* No. 21-cv-1314-L-DDL, 2024 U.S. Dist. LEXIS 249898, at *3 (S.D. Cal. Apr. 11, 2024) (order adopting report and recommendation approving under Rule 17(c) a settlement where "the proceeds will be placed in deferred annuities such that the total recovery to each Minor Plaintiff is increased"); *Alter by & through Alter v. Cnty. of San Diego*, No. 21-cv-01709-BLM, 2023 U.S. Dist. LEXIS 108869, at *16–17 (S.D. Cal. June 22, 2023) (approving a structured settlement annuity under Rule 17(c)); *Est. of Alvarado v. Tackett*, No. 13-cv-1202-LL, 2019 U.S. Dist. LEXIS 161351, at *13 (S.D. Cal. Sept. 20, 2019) (approving a structured settlement annuity under Rule 17(c)); *McCue v. S. Fork Union Sch. Dist.*, No. 1:10-cv-00233-LJO-MJS, 2012 U.S. Dist. LEXIS 102131, at *24 (E.D. Cal. July 20, 2012) (approving a structured settlement annuity that starts payments when the minor turns 18); *E.H. v. Exposition*, No. 2:22-cv-01844-DAD-DB, 2023 U.S. Dist. LEXIS 219523, at *8 (E.D. Cal. Dec. 8, 2023) (approving a minor's compromise involving a structured annuity with four periodic payments).

The Court previously approved, as fair and reasonable, the compromise of the Minor Plaintiff's claims, including her net recovery and the amounts allocated for costs and attorney's fees. ECF No. 95. Based on a review of the Petition, including the supporting declarations and attachments, the Court further finds that the proposed structured annuity is reasonable and in the best interests of the Minor Plaintiff.

The structured annuity spreads the distribution of funds over a lengthy period of time and delays payment of the largest portion until the Minor Plaintiff is 30 years old. This payment structure more than doubles her net recovery and thus increases her net recovery substantially. Additionally, it provides the Minor Plaintiff with a reliable stream of future income that goes directly to her and increases as she matures. A structured annuity also

protects the Minor Plaintiff from the potential loss or waste resulting from a single lump sum payment at age eighteen. Importantly, all payments are guaranteed and tax-free. *See* ECF No. 102-1 at 9. In sum, the proposed annuity will benefit the Minor Plaintiff and provide meaningful financial security into her adult life.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Petition and **ORDERS** as follows:

1. The Minor Plaintiff's net settlement payment of $308,632 may be withdrawn from the blocked account and **SHALL** be used to fund and purchase for the sole benefit of Plaintiff B.U., a minor, the structured annuity from Metropolitan Tower Life Insurance Co. outlined in the Petition. *See* ECF No. 102-1 at 7. Periodic payments to be made by Metropolitan Tower Life Insurance Co. **SHALL** be made payable and begin being issued directly to B.U. upon reaching the age of eighteen according to the following payment schedule (as outlined further in ECF Nos. 102-1 at 7 and 102-2 at ¶ 14):

    a. $2,000.00 payable monthly, guaranteed for 5 years, starting at age 18 on B.U's birthdate in 2034, with the last guaranteed payment by August in 2039;

    b. $3,500.00 payable monthly, guaranteed for 4 years and 1 month, starting at age 23 in 2039, with the last guaranteed payment in 2043;

    c. $50,000.00 guaranteed lump sum payment at age 25 in 2041; and

    d. $379,463.12 guaranteed lump sum payment at age 30 in 2046.

**IT IS SO ORDERED.**

Dated: January 9, 2026

Honorable Valerie E. Torres
United States Magistrate Judge