**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF BRIAN UMANA, by and through its successor-in-interest; B.U., a minor by and through her *guardian ad litem*, Roberto Umana, individually and as successor in interest to Brian Umana; MARGARITA CARDENAS, individually, | Case No.:  3:22-cv-01657-GPC-SBC |
| | **ORDER GRANTING PETITION TO CONFIRM MINOR'S OFFER IN COMPROMISE AND AMENDING MAY 30, 2025 ORDER** |
| Plaintiffs, | |
| v. | **[ECF Nos. 108, 113, 118, 120, 122]** |
| NATIONAL CITY, a municipal corporation, NATIONAL CITY POLICE DEPARTMENT, RYAN STINNETT; EVAN DAVIS; MICHAEL SPORTELLI; and DOES 1 through 20, | |
| Defendants. | |

Before the Court is a Petition to Confirm Minor's Offer in Compromise ("Petition" or "Third Motion") by Roberto Umana ("Petitioner"), as *guardian ad litem* for Plaintiff B.U. ("Minor Plaintiff"). ECF No. 108. Therein, Petitioner seeks Court approval to purchase a structured annuity using Minor Plaintiff's settlement proceeds. *See id.* at 3, 6;

1

3:22-cv-01657-GPC-SBC

ECF No. 122 (describing currently proposed structured annuity).[1] This is Petitioner's third motion seeking this approval. *See* ECF Nos. 98, 102. For the reasons stated below, the Court **GRANTS** the Petition. Further, because it appears that additional funds are necessary to cover fees incurred by Defendant National City (the "City") in procuring the structured annuity at issue, the Court **AMENDS**, as set forth below, the Court's May 30, 2025 Order Granting Petition to Approve Minor's Compromise. *See* ECF No. 95.

## I.   PROCEDURAL BACKGROUND

### A.   Court's Approval of The Minor Plaintiff's Compromise

On October 8, 2021, after responding to a 911 call, Defendants Stinnett, Sportelli, and Davis shot and killed Brian Umana ("Decedent"), father of the Minor Plaintiff and son of Plaintiff Margarita Cardenas. ECF No. 40 at ¶¶ 1, 10, 11, 29–30, 35. The Minor Plaintiff filed suit, asserting federal causes of action under 42 U.S.C. § 1983 and state causes of action that included wrongful death and negligence. *See generally* ECF No. 40.

On December 11, 2024, with the assistance of Magistrate Judge Steve B. Chu, the parties agreed to settle Plaintiffs' claims for $1,000,000, with the parties bearing their own fees and costs. ECF No. 89 at 9, 11–13. Petitioner subsequently sought the Court's approval to settle the Minor Plaintiff's claims by allocating $500,000 of the settlement proceeds to the Minor Plaintiff, with $166,666.67 allocated to attorney's fees and $24,701.33 to costs, for a net recovery of $308,632. *Id.* at 18; ECF No. 95 at 4. On May 30, 2025, the Court granted Petitioner's Motion to approve the compromise of the Minor Plaintiff's claims. ECF No. 95.

In authorizing Petitioner to settle the Minor Plaintiff's claims, the Court ordered that the net settlement payment of $308,632 be deposited into an interest-bearing, federally insured blocked account in the Minor Plaintiff's name. *Id.* at 7. The Court further ordered that no withdrawals of principal or interest from the blocked account occur without a

---

[1]   Page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic case filing system, not the document's internal pagination.

3:22-cv-01657-GPC-SBC

written court order of this Court until the Minor Plaintiff reached eighteen years of age. *Id.* At the age of eighteen, the depository was authorized and directed to pay by check or draft directly to the former Minor Plaintiff all funds, including interest, deposited under this Court's order. *Id.*

On June 13, 2025, Petitioner placed the Minor Plaintiff's settlement proceeds into a blocked account. ECF No. 98 at 3. Thereafter, Petitioner learned that the account did not fully insure the funds and was not bearing any meaningful interest. *Id.* On August 15, 2025, Petitioner filed his first motion seeking the Court's permission to transfer the Minor Plaintiff's settlement proceeds to an unspecified "financial account," "structured settlement," or "trust." ECF No. 98 at 5 (hereinafter "First Motion"). Because Petitioner failed to explain with any specificity what he proposed to do with the settlement funds, the Court denied this First Motion without prejudice. ECF No. 100 at 3–4.

**B.    Court's Approval to Purchase Initial Structured Annuity**

On October 8, 2025, Petitioner filed his second motion requesting to transfer the Minor Plaintiff's settlement funds ("Second Motion"). ECF No. 102. Petitioner sought approval to withdraw the funds from the blocked account to purchase a structured annuity. *Id.* at 6; *see also* ECF No. 102-1 at 7 (Ex. A). The proposed annuity, costing $308,632, would provide the Minor Plaintiff with certain monthly and lump sum payments beginning at age eighteen and continuing through age thirty. *See* ECF Nos. 102-1 at 7 (Ex. A), 102-2 at ¶ 14. The proposed annuity guaranteed the Minor Plaintiff a total payout of $720,963.12. ECF No. 102-1 at 7 (Ex. A). On January 9, 2026, the Court granted the Second Motion and approved purchase of the proposed annuity. *See* ECF No. 105.

**C.    Petitioner's Present Request to Purchase Structured Annuity**

**1.    Available Information Concerning the Purchase of Structured Annuity**

After the Court granted the Second Motion, it appears that Plaintiffs' counsel and Petitioner ran into trouble trying to purchase the structured annuity. Specifically, unbeknownst to the Court, the annuity proposed in the Second Motion had a funding deadline of January 15, 2026 and required "a signature of defendants' authorized

representative" to purchase. ECF No. 108 at 4. Without the requisite signature, the deadline to purchase the annuity lapsed. *See id.* at 2, 6.

As a result, on March 23, 2026, Petitioner moved again for approval to purchase a new structured annuity, this time at a cost of $308,651.09. ECF Nos. 108, 108-2 at 6 (Ex. I). This new proposed annuity had a payment structure similar to the first proposed annuity, but with a total guaranteed payout that was approximately $28,000 less, *i.e.*, $693,454.77. *Compare* ECF No. 102-1 at 7 (Ex. A) *with* ECF No. 108-2 at 6 (Ex. I).

This Third Motion fails to identify a funding deadline or explain why Petitioner could not timely purchase the first proposed annuity, including explaining why he or counsel could not obtain a signature from Defendants or even why a signature is necessary. *See generally* ECF Nos. 108 at 4 ("Defendants' representative reportedly did not sign the assignment allowing the purchase of an annuity"), 108-1 at ¶¶ 7–8 (stating only that Petitioner obtained a cashier's check to purchase the annuity and the "annuity purchase need[ed] authorization from [D]efendants"). Therefore, the Court ordered supplemental briefing requesting (i) a description of the necessary steps and/or procedures to purchase the relevant annuity; (ii) a discussion of any issues impeding the purchase of the relevant annuity; and (iii) specifying any deadline to purchase the annuity. ECF No. 112. The Court gave Defendants the opportunity to respond. *Id.*

On April 20, 2026, Petitioner filed a supplemental brief, outlining for the first time what is necessary to purchase the structured annuity ("First Supplemental Brief"). ECF No. 113. Specifically, Petitioner explains that to preserve the tax-free status of the structured payments under the Internal Revenue Code, the annuity must be purchased with settlement funds that come directly from Defendants, specifically the City. ECF No. 113 at 5–6. Petitioner also notes that the new proposed annuity has a funding deadline of May 16, 2026. *Id.* at 6.

In response, Defendants confirm their willingness to facilitate the purchase of the structured annuity. ECF No. 114 at 2, 5. However, Defendants also explain that they complied with the terms of the parties' Settlement Agreement by depositing the settlement

4

proceeds into Plaintiffs' counsel's trust account, as required, and there was never a request to deposit the funds into a structured account. *Id.* at 3–4. As such, to receive the Minor Plaintiff's settlement proceeds and re-issue a check for the purchase of the new proposed annuity, Defendants require approval by the City's City Council, which is set to meet on May 19, 2026. *Id.* at 2. Moreover, Defendants outline the information and consideration they require to obtain the Council's approval, including (i) an agreed upon proposed amendment to the existing Settlement Agreement; (ii) a written agreement to pay the City's attorney's fees (not to exceed $9,000); (iii) a mutually acceptable public statement by Plaintiffs, acknowledging the City's post settlement efforts on behalf of the Minor Plaintiff; and (iv) a reasonable time frame outlining the reimbursement and re-issuance of funds. *Id.*

Critically, Defendants further represent that "plaintiffs have provided a proposed public statement and have agreed to pay the city's attorney's fees as described." *Id.* at 6. Defendants' response is the first time this Court learns that a commitment exists to pay the City's attorney's fees. Nowhere in the Third Motion or Petitioner's First Supplemental Brief is there any reference to paying the City up to $9,000 in attorney's fees or a request for Court approval to use the Minor Plaintiff's settlement proceeds to pay any additional attorney's fees. *See generally* ECF Nos. 108, 113.

On May 1, 2026, the Court held a hearing on the Petition. ECF No. 116. The Court inquired as to the logistics for obtaining City Council approval by May 19, 2026. Plaintiff's counsel explained that Petitioner required a Court order directing the bank holding the Minor Plaintiff's funds to re-issue a cashier's check addressed to the City so the City could in turn issue a check for the purchase of the annuity. The Court subsequently issued that order, requiring, in part, that the bank issue a cashier's check in the amount of **$308,651.09** payable to "City of National City." *See* ECF No. 117.

At the hearing, the Court also expressed concern as to two issues. First, with a funding deadline of May 16, 2026, the structured annuity proposed in the Third Motion would expire prior to the May 19 City Council meeting and thus prior to the City being able to issue a check to purchase the annuity. Hence, the Court asked Plaintiffs' counsel if

3:22-cv-01657-GPC-SBC

a new structured annuity was available for the Court's approval. None was available so the Court requested that insurance agent Manny Valdez procure a new proposed structured annuity, with a new funding deadline, for the Court's consideration. Mr. Valdez did so during the hearing and represented to the Court that he had secured, *i.e.*, "locked" in, a new proposed annuity with the "same benefits" and a new funding deadline of June 15, 2026.

Second, given the absence of any information from Plaintiffs' counsel concerning the payment of the City's attorney's fees, the Court inquired as to how Plaintiffs intended to pay those fees. Plaintiffs' counsel for the first time represented that it was Plaintiffs' intention to use the Minor Plaintiff's settlement funds for that purpose. Plaintiffs' counsel made no formal request for approval to do so at the hearing, however. The Court expressed concern that Plaintiffs apparently intended to levy more fees against the Minor Plaintiff when the Minor Plaintiff bore no responsibility for the failure to negotiate, at the outset, the payment of settlement proceeds to facilitate the purchase of a structured annuity.

Following the hearing, the Court ordered Plaintiffs to file supplemental briefing (i) describing the new proposed structured annuity with new funding deadline referenced during the hearing, with the revised proposal attached as an exhibit, and (ii) addressing the Court's questions concerning who should pay the City's attorney's fees. ECF No. 116.

**2.    Plaintiffs' Current Proposed Structured Annuity**

On May 8, 2026, Petitioner filed the requested supplemental briefing, which set forth the terms of a proposed annuity. ECF No. 119 ("Second Supplemental Brief"). This Second Supplemental Brief did not formally request approval to pay from the Minor Plaintiff's settlement proceeds a specified amount in attorney's fees to the City. *See generally id.* Nor did it include any argument or documentation concerning the amount to be paid or why such an amount was appropriate and reasonable. *See generally id.* It also failed to attach the revised proposed annuity as an exhibit as ordered. *See generally id.* Accordingly, the Court expressly ordered Plaintiffs to file a declaration attaching and authenticating the revised proposed annuity as an exhibit, *i.e.*, the version of the annuity proposed by Mr. Valdez during the hearing with the new funding deadline. *See* ECF No. 119.

3:22-cv-01657-GPC-SBC

On May 10, 2026, Plaintiffs submitted a third supplemental brief, with a new proposed annuity attached as an exhibit ("Third Supplemental Brief"). ECF Nos. 120, 120-1 at 11. Upon careful review, the Court notes that the annuity described therein is *not* the same annuity described in either the Petition or by Mr. Valdez at the May 1, 2026 hearing. *Compare* ECF No. 118 at 3–4 *and* ECF No. 120-1 at 11 (Ex. A) *with* ECF No. 108-2 at 6 (Ex. I). Specifically, this new proposed annuity does not have the "same benefits" and costs $300,000 (not $308,651.09), with a guaranteed payout of $662,269.38 (approximately $31,000 less than the annuity proposed in the Third Motion). *Compare* ECF No. 120-1 at 11 (Ex. A) *with* ECF No. 108-2 at 6 (Ex. I).

Although they make no formal request to this effect, Plaintiffs apparently propose that, following receipt of the Minor Plaintiff's settlement proceeds (*i.e.*, $308,651.09) and purchase of the proposed $300,000 annuity, the City keep the remainder of $8,651.09 presumably as payment for the City's attorney's fees. *See* ECF No. 120-4, Dec. of Emily Howe, at ¶¶ 33, 41; *see also* ECF Nos. 120-1, Dec. of Nohely Sandoval, at ¶ 19; 120-2, Dec. of Roberto Umana, at ¶ 37. The Court infers that Plaintiffs obtained a new proposed annuity at a cost of $300,000 to facilitate this arrangement. Nowhere in the Third Supplemental Brief do Plaintiffs justify this increase in attorney's fees to be levied against the Minor Plaintiff's settlement funds. *See generally* ECF No. 120.

Instead, Plaintiffs offer various reasons suggesting why others cannot pay the fees, including the Minor Plaintiff's family members. *See generally* ECF Nos. 118, 120. Specifically, Plaintiffs refer to the family not being wealthy or able to obtain a loan and explain that Plaintiff Margarita Cardenas spent her settlement proceeds purchasing real property that benefits the Minor Plaintiff. *See* ECF No. 120 at 5–6. Neither the Second nor Third Supplemental Brief expressly state that Plaintiffs' counsel bears no responsibility for the City's fees. *See generally id.*; ECF No. 118. Rather, the briefing makes statements *suggesting* that Plaintiffs' counsel bears no responsibility, including that counsel's representation contract was limited to investigation and prosecution of the underlying

claims, that counsel is not a tax advisor, and that counsel voluntarily reduced their fees already. *See* ECF No. 120 at 2, 5–7.

On May 11, 2026, following the Court's discovery that Plaintiffs were now proposing a new annuity to be purchased for $300,000, the Court ordered Plaintiffs to file a declaration by Plaintiffs' insurance agent authenticating and attaching as an exhibit the annuity proposed at the May 1, 2026 hearing: a structured annuity to be purchased for the benefit of the Minor Plaintiff for $308,651.09, with a funding deadline of no earlier than June 15, 2026. ECF No. 121.

On May 12, 2026, Plaintiffs filed a declaration authenticating and attaching a new proposed annuity to be purchased for $308,651.09 with a funding deadline of June 15, 2026. ECF No. 122-1 at 2–7 (Dec. of Manuel Valdez, attaching documents describing proposed annuity). This new annuity does not have all the "same benefits," *i.e.*, payment amounts, as those outlined in the annuity originally proposed in the Petition, but it is nearly identical, costs $308,651.09, and complies with the Court's requirement regarding the funding deadline. *Compare* ECF 108-2 (Ex. I) at 6 *with* ECF No. 122-1 at 6 (Ex. I). Specifically, this new proposed annuity provides the following payment structure:

1) A $2,000.00 monthly payment, guaranteed for 5 years (totaling 60 payments), beginning at age 18;

2) A $3,500.00 monthly payment, guaranteed for 4 years and 1 month (totaling 49 payments), beginning in 2039;

3) A $50,000.00 guaranteed lump sum payment at age 25; and

4) A $343,679.82 guaranteed lump sum payment at age 30.

*See* ECF No. 122-1 at 6. The total guaranteed payout to the Minor Plaintiff is $685,179.82. *Id.* The funding deadline for this new annuity is June 15, 2026. *Id.* at 7. Metropolitan Tower Life Insurance Company, rated "A+ (Superior)" by A.M. Best, will issue the proposed annuity. *Id.* at 2–5.

It is this annuity, hereinafter the "Proposed Structured Annuity," that the Court now considers in evaluating the Petition. *Id.* at 2–7.

## II.    **DISCUSSION**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Further, under California law, money may be removed from a blocked account "only upon authorization of the court, and . . . on conditions the court determines to be in the best interest of the minor." Cal. Prob. Code § 3611(b). Courts permit funds to be withdrawn from a blocked account for a minor's "academic, health, and counseling needs or for other purposes if the petitioner [can] demonstrate a compelling need for the benefit of the minor." *See Hives v. Cnty. of Alameda*, No. 15-cv-02490-DMR, 2023 U.S. Dist. LEXIS 123057, at *4 (N.D. Cal. July 17, 2023) (citing *Frary v. Cnty. of Marin*, No. 12-cv-03928-MEJ, 2015 U.S. Dist. LEXIS 102026, at *4 (N.D. Cal. July 31, 2015)). Courts frequently approve structured settlements like the one proposed here. *See, e.g.*, *Gonzalez v. Chula Vista Elem. Sch. Dist.*, No. 21-cv-1314-L-DDL, 2024 U.S. Dist. LEXIS 249898 (S.D. Cal. Apr. 11, 2024) (order adopting report and recommendation approving under Rule 17(c) a settlement where "the proceeds will be placed in deferred annuities such that the total recovery to each Minor Plaintiff is increased"); *Alter by & through Alter v. Cnty. of San Diego*, No. 21-cv-01709-BLM, 2023 U.S. Dist. LEXIS 108869, at *16–17 (S.D. Cal. June 22, 2023) (approving a structured settlement annuity under Rule 17(c)); *Est. of Alvarado v. Tackett*, No. 13-cv-1202-LL, 2019 U.S. Dist. LEXIS 161351, at *13 (S.D. Cal. Sept. 20, 2019) (approving a structured settlement annuity under Rule 17(c)); *McCue v. S. Fork Union Sch. Dist.*, No. 1:10-cv-00233-LJO-MJS, 2012 U.S. Dist. LEXIS 102131, at *23–25 (E.D. Cal. July 20, 2012) (approving a structured settlement annuity that starts payments when the minor turns 18); *E.H. v. Exposition*, No. 2:22-cv-01844-DAD-DB, 2023 U.S. Dist. LEXIS 219523, at *7–8 (E.D. Cal. Dec. 8, 2023) (approving a minor's compromise involving a structured annuity with four periodic payments).

3:22-cv-01657-GPC-SBC

**A.      Use of Minor's Funds to Purchase Proposed Structured Annuity**

Here, the Court previously approved as fair and reasonable the compromise of the Minor Plaintiff's claims, including her net recovery and the amounts allocated for costs and attorney's fees. ECF No. 95. The Court also approved the purchase of a prior structured annuity using Minor Plaintiff's settlement funds. ECF No. 105. Based on a review of the Petition, including the supporting declarations and attachments, the Court finds that the Proposed Structured Annuity, *see* ECF No. 122-1 at 6, is reasonable and in the best interests of the Minor Plaintiff.

Like the previously approved annuity, the Proposed Structured Annuity spreads the distribution of funds over a lengthy period of time and delays payment of the largest portion until the Minor Plaintiff is 30 years old. *See* ECF No. 122-1 at 7 (Ex. I). While the total guaranteed payout is less than the previously approved annuity, the Proposed Structured Annuity still more than doubles the Minor Plaintiff's net recovery. *Compare id. with* ECF No. 105 at 3 *and* ECF No. 95 at 7. Additionally, it provides the Minor Plaintiff with a reliable stream of future income that goes directly to her and increases as she matures. *See* ECF No. 122-1, Dec. of Manuel Valdez, at 2. A structured annuity also protects the Minor Plaintiff from the potential loss or waste resulting from a single lump sum payment at age eighteen. *See id.* Importantly, all payments are guaranteed and tax-free. *See id.* In sum, the Proposed Structured Annuity will benefit the Minor Plaintiff and provide meaningful financial security into her adult life.

For these reasons, the Court approves the use of the Minor Plaintiff's settlement funds to purchase of the Proposed Structured Annuity described in Petitioner's May 12, 2026 Notice. *See* ECF No. 122-1 at 6.

**B.      Use of Minor Plaintiff's Funds for Additional Attorney's Fees**

The Court separately addresses the issue of attorney's fees payable to the City.

As described above, the Court learned from Defendants that there was a commitment to pay attorney's fees incurred by the City to facilitate the purchase of the Minor Plaintiff's annuity. *See* ECF No. 114 at 6. And at the time of hearing, the Court learned for the first

3:22-cv-01657-GPC-SBC

time that Plaintiffs' counsel intended to use the Minor Plaintiff's settlement proceeds to pay those fees. However, at no juncture does Plaintiffs' counsel formally request Court approval to use the Minor Plaintiff's settlement funds to pay a specific dollar amount in attorney's fees to the City. *See generally* ECF Nos. 108, 113, 118, 120. Nor does Plaintiffs' counsel provide any documentation or explanation demonstrating that whatever amount to be paid to the City is fair and reasonable and thus an appropriate deduction from the Minor Plaintiff's proceeds. *See generally* ECF Nos. 118, 120. Instead, the Court is left to piece together and infer (based on the costs of the annuities presented) the amount that Plaintiffs propose paying the City, which the Court presumes is $8,651.09. *See* ECF No. 120-4, Dec. of Emily Howe, at ¶¶ 33, 41; *see also* ECF Nos. 120-1, Dec. of Nohely Sandoval, at ¶ 19, 120-2, Dec. of Roberto Umana, at ¶ 37.

This Court's duty to safeguard the interests of the Minor Plaintiff extends to how her settlement funds are used. *See Robidoux*, 638 F.3d at 1181; *Hives*, 2023 U.S. Dist. LEXIS 123057, at *7. Courts approve use of a minor plaintiff's settlement funds only upon a specific request that includes the amount to be withdrawn, the purpose of the withdrawal, and a "compelling need" for the withdrawal. *See Frary*, 2015 U.S. Dist. LEXIS 102026, at *4–5 (denying request to used minor plaintiff's funds because it did not relate to minor plaintiff's academic, health, or counseling needs or some other compelling benefit to minor, or provide an itemization of how funds would be spent); *S.V. v. Delano Union Elem. Sch. Dist.*, No. 1:17-cv-00780- LJO-JLT, 2020 U.S. Dist. LEXIS 138909, at *75 10 (E.D. Cal. Aug. 3, 2020) (request to withdraw must be made with sufficient specificity). A request to purchase a $300,000 annuity without any further accounting as to the remainder of the settlement funds lacks the requisite specificity to support using the Minor Plaintiff's settlement funds to pay the City's attorney's fees. *See generally* ECF No. 118; ECF No. 120. Nevertheless, the Court suspects that absent payment of the City's attorney's fees, the Proposed Structured Annuity may not be purchased and the Minor Plaintiff risks losing the guaranteed benefits of the annuity. The Court does not wish to let the opportunity to purchase the Proposed Structured Annuity lapse.

11

3:22-cv-01657-GPC-SBC

Given the circumstances that led to the Minor Plaintiff being in this position, the Court finds that a reduction in the amount of Plaintiffs' counsel's fees is appropriate to pay the City's fees. Specifically, this Court previously approved Plaintiffs' counsel's request for attorney's fees in the amount of $166,666.67. ECF No. 95 at 6. This amount represented a contingency fee of 33 1/3% and thus exceeded the "historical limits" of 25%. *Id.* (citing *Doe v. Lincoln Military Prop. Mgmt., LP*, No.: 3:20-cv-00224-GPC-AHG, 2020 U.S. Dist. LEXIS 181128, at *3 (S.D. Cal. Sept. 30, 2020) ("Fees in minors' cases historically have been limited to 25% of the gross recovery.")). The Court approved attorney's fees at the 33 1/3% contingency rate given Plaintiffs' inability to find counsel in the first instance, the challenging posture of the case when Plaintiffs' counsel took on the representation, and Plaintiffs' counsel's substantial investment of time and resources into the case. *Id.* at 6-7. Those factors remain true. Since then, however, Plaintiffs' counsel's handling of the Minor Plaintiff's settlement has created unnecessary delay and difficulties. In fact, it has taken no less than three motions, voluminous supplemental briefing, an amendment to the parties' Settlement Agreement, further action by a city council, and a significant expenditure of party and judicial resources to accomplish the relatively straightforward task of structuring the Minor Plaintiff's settlement. Indeed, it is still unclear to the Court why there was no effort to structure the settlement at the outset. Moreover, the Court does not find Plaintiffs' counsel's assertions that they are not tax advisors or were not retained to provide tax advice credible given that attorneys regularly assist clients in structuring large settlements. *See* ECF No. 120 at 2, 5–7. Under these circumstances, the Court is not persuaded that an increase in the fees levied against the Minor Plaintiff is appropriate.

Therefore, to facilitate purchase of the Proposed Structured Annuity, safeguard the interests of the Minor Plaintiff, and account for the role of Plaintiffs' counsel, the Court hereby amends its May 30, 2025 Order, *see* ECF No. 95 at 7–8, and reduces the approved amount of Plaintiff's counsel's fees from $166,666.67 to $158,015.58. The difference of $8,651.09 shall be used to pay the City for its efforts in securing the purchase of a structured

annuity for the Minor Plaintiff's benefit. Payment shall be made in accordance with the instructions below.

## III.    CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition, as modified by Plaintiffs' May 12, 2026 Notice, and **ORDERS** as follows:

1.    Following receipt of the Minor Plaintiff's settlement funds by Defendant National City, and **by no later than June 15, 2026**, the Minor Plaintiff's settlement funds **SHALL** be used to purchase for the sole benefit of Plaintiff B.U. the Proposed Structured Annuity from Metropolitan Tower Life Insurance Company, as detailed in Plaintiffs' May 12, 2026 Notice. *See* ECF No. 122-1 at 6. The Proposed Structured Annuity shall be purchased for $308,651.09 using the Minor Plaintiff's settlement funds.

2.    Periodic payments to be made by Metropolitan Tower Life Insurance Company **SHALL** be made payable according to the following payment schedule (as also outlined in ECF No. 122-1 at 6):

- A $2,000.00 monthly payment, guaranteed for 5 years (totaling 60 payments), beginning at age 18;
- A $3,500.00 monthly payment, guaranteed for 4 years and 1 month (totaling 49 payments), beginning in 2039;
- A $50,000.00 guaranteed lump sum payment at age 25; and
- A $343,679.82 guaranteed lump sum payment at age 30.

3.    The Court hereby **AMENDS** its May 30, 2025 Order Granting Petition to Approve Minor's Compromise (ECF No. 95) as follows:

- The amount of attorney's fees approved for Plaintiffs' counsel is **REDUCED from $166,666.67 to $158,015.58**.
- By no later than **May 26, 2026**, Plaintiffs' counsel of record **SHALL** issue payment in the amount of **$8,651.09** to Defendant National City for its efforts in facilitating the purchase of the Proposed Structured Annuity.

13

3:22-cv-01657-GPC-SBC

- Counsel for Defendant National City **SHALL** provide to Plaintiffs' counsel of record any instructions necessary to effectuate the above-referenced payment of $8,651.09.

**IT IS SO ORDERED.**

Dated: May 15, 2026

_____

Hon. Valerie E. Torres
United States Magistrate Judge

14

3:22-cv-01657-GPC-SBC